UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY VAUGHN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-01533-JMS-MJD ) |
| STANLEY KNIGHT, | ) ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Bobby Vaughn for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-10-0199. For the reasons explained in this Entry, Vaughn's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On October 18, 2016, Officer Brown wrote a Report of Conduct in case IYC 16-10-0199 charging Vaughn with possession of a cellular device. The Report of Conduct states:

> On 10/18/2016 at approximately 2:15 pm, I, Officer J. Brown (260) was assisting Officer Q. Fritz (251) in a search of Offender Vaughn, Bobby #160479 / N1-3U. Upon entering Cell N1-03, I Officer J. Brown gave Offender Vaughn a direct order to come with us to the Central lobby. Offender Vaughn walked out of the cell in front of me as if to comply with my order. As Officer Fritz approaches the sally port doors to let us through, Offender Vaughn turns around and starts walking towards the dayroom latrine. I follow Offender Vaughn and gave several orders for him [to] change his direction. Vaughn continues to ignore my orders and continued walking in the opposite direction. Once Offender Vaughn passed the steps of the dayroom, I clearly observed him pass a flat, black, touch screen phone to Offender Grant, Anthony #259549 / N1-3L. Offender Grant then tried to walk past me. I then stuck out my left arm to block his path. Grant then tried to walk away from me. I placed my left hand on the Offenders chest and placed my right hand on the Offenders right wrist while ordering him to submit to mechanical restraints. As I gave Offender Grant the order to submit to mechanical restraints, the Offender pulled away from me and ran into the dayroom latrine. As Offender Grant reached the latrine, he threw the phone into the toilet and attempted to flush it. When Offender Grant lunged to the toilet, both he and I fell to the ground. While this was happening I placed my right hand on his left hand to try and stop him from flushing the toilet. I then placed my left forearm on his chest and pushed him back to create distance. Officer Fritz called first responders via radio then placed both of his hands on the left shoulder of Offender Grant and assisted him to his feet. I then retrieved the cell phone from the toilet and exited the unit.

On November 29, 2016, Vaughn was notified of the charge of possession of a cellular device and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Vaughn was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, Offender Anthony Grant, but did not request any physical evidence.

The hearing officer conducted a disciplinary hearing on December 13, 2016, and found Vaughn guilty of the charge of possession of a cellular device. In making this determination, the hearing officer considered the offender's statements, staff reports, and photographic evidence. The hearing officer recommended and approved the following sanctions: a 180-day deprivation

of earned credit time, and imposition of a previously-suspended sanction demoting him from credit class I to credit class II, and a suspended demotion from credit class II to credit class III.

Vaughn's appeals were denied and he filed this petition for a writ of habeas corpus.

**C.     Analysis**

Vaughn challenges the disciplinary action taken against him arguing that his due process rights were violated when: 1) his hearing was not held within a reasonable time, 2) he was screened under another inmate's conduct report, 3) the hearing officer failed to consider a witness statement, and 4) the administrative appeal of the other inmate involved in the incident at issue was granted.

1. <u>Date of Hearing</u>

Vaughn first asserts that his hearing was not held within a reasonable time after the conduct at issue took place. Due process requires only 24-hours' notice of a hearing the claimed violation. *Wolff*, 418 U.S. at 563 (1974). Therefore, any delay in holding the hearing did not violate his due process rights. In addition, any violation of IDOC policy is not enough to raise a due process violation. Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus

review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

### 2. Screening

Vaughn next argues that he was screened for this offense under the conduct report for inmate Anthony Grant. This could be understood to be a challenge to the notice given them him of the charges. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) ("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

Regardless of whether Vaughn was at some point provided with the incorrect conduct report, the record reflects that this error was resolved and that he signed that he received his conduct report. Even if he did not receive the conduct report bearing his name, the two reports are identical. The conduct report identifies the facts on which the charge is based and Vaughn's role in the actions at issue. Vaughn does not argue that he was not able to understand the charge and mount a defense. Because all due process requires is that sufficient notice to allow the inmate to prepare a defense, Vaughn has not shown a due process violation.

### 3. Witness Statement

Vaughn next argues that the hearing officer failed to consider a witness statement. Vaughn asserts that the witness Offender Grant, stated, "he did not pass me a cell phone," and concludes that if this witness statement were considered, he would have been found not guilty. The Respondent contends that Grant's statement was considered and references the Report of

Disciplinary Hearing which states that all evidence requested was considered. Also attached to the Report of Disciplinary Hearing is Grant's statement that Vaughn did not pass him a cell phone. Vaughn has failed to show that this evidence was not presented and considered.

Vaughn's argument that if the evidence had been considered he would not have been convicted, may be understood to be an argument that the evidence was insufficient to support the conviction. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the Conduct Report stated that Vaughn passed a cell phone to Grant. This is sufficient evidence to sustain the disciplinary conviction.

    4. Equal Protection

Finally, Vaughn argues that his equal protection rights were denied because Grant's appeal was granted based on his argument that too much time passed between the time of screening and the time of the disciplinary hearing while Vaughn's appeal raising the same argument was denied. As already discussed, as long as 24-hours' notice is given, due process does not require that a disciplinary hearing be held in a certain amount of time after an inmate is notified of the charges. Further, while Vaughn asserts that his equal protection rights have been violated, he has not asserted that he was treated differently from Grant based on his membership

in any protected class. In addition, Vaughn has not shown that he and Grant were similarly situated. *See Wroblewski v. Washburn*, 965 F.2d 452, 459 (7th Cir. 1992) (explaining that the equal protection guarantee arises "only where individuals are similarly situated"). Vaughn has therefore failed to show that Grant's different treatment violated his equal protection rights.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Vaughn to the relief he seeks. Accordingly, Vaughn's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Vaughn's Request for Judicial Notice, dkt. [14], is **granted** to the extent the Court considered the information provided in that motion.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/11/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BOBBY VAUGHN
160479
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov